UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY PHELPS,

       Plaintiff,                              Case No. 1:18-cv-85

v.                                                   Hon. Robert J. Jonker

JODY SIEBRIGHT,
TITLE IV-D AGENCY, and
ALLEGAN COUNTY SHERIFF
 DEPARTMENT,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* lawsuit is now before the Court on defendants' motion to dismiss (ECF No. 6) and plaintiff's motion to amend the complaint (ECF No. 8).

**I.**      **Background**

*Pro se* plaintiff Cory Phelps filed a complaint listing the following defendants: Jody Siebright, Title IV-D employee (individual and official capacities); (Allegan County) Title IV-D Agency (official capacity); Allegan County Deputy Clerk (official capacity); and County Sheriff's Department (official capacity).[1] *See* Compl. (ECF No. 1, PageID.1-3). Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 for "violation of my 14th amendment [sic] took my money and property [sic] falsly [sic] imprisoned." *Id*. at PageID.4.

Plaintiff used a form complaint which presents federal claims in a question and answer format as follows:

---

[1] "Title IV-D [of the Social Security Act, 42 U.S.C. §§ 651, *et seq*.] establishes requirements for child support and paternity determinations that states must meet in order to have access to certain federal funds." *Austin v. Simmons*, No. 1:13-cv-443, 2013 WL 3147342 at *2 (W.D. Mich. June 19, 2013).

1

    A.    Where did the events giving rise to your claim(s) occur?

        Allegan Co. Michigan

    B.    What date and approximate time did the events giving rise to your claim(s) occur?
        on going for 20 yrs

    C.    What are the facts underlying your claim(s)?

        Violation of my fedeally [sic] protected Rights
        Violation of my 14th amendment [sic]
        Violation of my 4 and 5 amendment [sic]
        took my money and property
        false imprisonment
        Jody Seibright, Title 1-D [sic] agency

*Id*. at PageID.4. For his injuries, plaintiff states "emotional distress, and financial distress". *Id*. at PageID.5. Finally, plaintiff asks for the following relief, "uphold and enforce my Constitutional Rights. $1 million in damages AND, Loss of property forceful coorition [sic] under deress." *Id*.

**II.    Defendants' motion to dismiss (ECF No. 6)**

Defendants moved to dismiss plaintiff's claims on various grounds, including improper service under Fed. R. Civ. P. 12(b)(5) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond to the motion.

    **A.    Improper service**

Fed. R. Civ. P. 12(b)(5) allows a party to move for dismissal for "insufficient service of process." The Court may construe a motion to dismiss for ineffective service of process as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case") (citing *Haley v. Simmons,* 529 F.2d 78, 79 (8th Cir.1976)); *Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D. N.Y.1985) ("[w]hen the gravamen of

defendant's motion is insufficiency of process, however, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service"). In this regard, the Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash rather than a motion to dismiss. *See Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later").

Here, defendants point out that they were not properly served with the complaint pursuant to Fed. R. Civ. P. 4(c), which provides in pertinent part:

> **(1) In General**. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> **(2) By Whom**. Any person who is at least 18 years old and not a party may serve a summons and complaint.

Fed. R. Civ. P. 4(c)(1)-(2).

Plaintiff did not hire a process server. Rather, plaintiff attempted to service by himself as reflected in his "Declaration of Proof of Service" (ECF No.5). The caption for the declaration listed "Frank Baker, Jackie Porter, Micheal Day, Jody Lenard, Title IV-D Agency" and stated that plaintiff "being with a sound mind and with the age of majority, served the said defendants summons with certified return receipt." *See* Declaration (ECF No. 5). As an initial matter, plaintiff's declaration is deficient because did not name any of the defendants in this action. In addition, plaintiff's declaration does not state that he sent anyone a copy of the complaint as required by Fed. R. Civ. P. 4(c). In this regard, defendants stated that they obtained a copy of the complaint from the Court's electronic filing system. Defendants' Brief (ECF No. 7, PageID.29).

Finally, while it appears that plaintiff mailed someone a summons, he did not include a certified mail card identifying the recipient.

In a typical case, the Court would treat defendants' motion as one to quash service and direct plaintiff to serve a summons and complaint pursuant to the court rules. See *Stern*, 200 F.2d at 795. However, this is not a typical case, because plaintiff's cryptic complaint fails to state a cause of action and serving it would be a futile act.

### B.     Failure to state a claim

Even if plaintiff had properly served defendants, his complaint fails to state a cause of action. Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. In this regard, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

4

Here, plaintiff's complaint did not allege any wrongful acts committed by any of the defendants. Rather, plaintiff simply stated that over the past 20 years, defendants violated his rights under the 4th, 5th, and 14th Amendments, took his money and property, and falsely imprisoned him. Plaintiff's cryptic complaint consists of nothing more than "unadorned, the - defendant - unlawfully - harmed – me accusation[s]" that are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, plaintiff's complaint should be dismissed.[2]

### III.     Plaintiff's motion to amend (ECF No. 8)

As discussed, plaintiff did not respond to defendants' motion to dismiss. Rather, plaintiff filed a motion which purports to amend his complaint. Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading only with the court's leave and that "[t]he court should freely give leave when justice so requires."  Here, justice does not require the Court to allow plaintiff to file the proposed amended complaint. Neither plaintiff's motion nor his proposed one-page "amended complaint" (ECF No. 8-1) address the deficiencies in the original complaint. The proposed amended complaint does not provide any allegations or information regarding plaintiff's claims. Rather, it appears that the purpose of the amended complaint is to make a change on the cover sheet to reflect that plaintiff is proceeding under 28 U.S.C. § 1331 rather than 28 U.S.C. § 1983. *See* Amended Complaint.[3]  Plaintiff's proposed amended complaint is not a pleading. It does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2), nor does it state plaintiff's claims "in numbered

---

[2] The Court notes that defendants also contend that they have immunity from plaintiff's claims under federal and state law, and that plaintiff cannot sue a county sheriff's department. It is unnecessary for the Court to address these legal arguments, because plaintiff has not stated any claims in his complaint.

[3] The Court notes that plaintiff's cover sheet referenced in the amended complaint is not part of the court file.

paragraphs, each limited as far as practicable to a single set of circumstances" as required by Fed. R. Civ. P. 10(b). Accordingly, plaintiff's motion to amend should be denied.

### IV. RECOMMENDATION

For these reasons, I respectfully recommend that defendants' motion to dismiss (ECF No. 6) be **GRANTED**, that plaintiff's motion to amend (ECF No. 8) be **DENIED**, and that this action be **DISMISSED**.

Dated: November 19, 2018 /s/ Ray Kent
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).