UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY PHELPS,

      Plaintiff,

v.

      File no: 1:18-CV-85

      HON. ROBERT J. JONKER

JODY SIEBRIGHT, et al.,

      Defendants.
_____/

## ORDER APPROVING MAGISTRATE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on November 19, 2018 (ECF No. 11). The Report and Recommendation was duly served on the parties. No objections have been filed under 28 U.S.C. § 636(b)(1)(C).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 11) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (ECF No. 6) is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

Date:   December 10, 2018      /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that Defendant "Title IV-D Agency" was not a part of the motion to dismiss brought by the other defendants. In most circumstances, a district court may only dismiss a complaint on a party's motion. However, as the Sixth Circuit observed in *Apple v. Glenn*, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to **Rule 12(b)(1)** . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." **183 F.3d 477, 479 (6th Cir. 1999)**. The perfunctory allegations against Defendant Title IV-D Agency in Phelps' complaint plainly meet this test and, accordingly, the entirety of the Complaint against all defendants will be dismissed.